IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROSANNA BAILEY,<br><br>*Plaintiff*,<br><br>v.<br><br>THE QUEEN'S LANDING COUNCIL OF UNIT OWNERS, INC.,<br><br>*Defendant* | No. ABA-23-cv-1559 |

### MEMORANDUM OPINION

Plaintiff Rosanna Bailey lives in a condominium community on Kent Island in Chester, Maryland. She alleges that her condominium board, the Queen's Landing Council of Unit Owners, Inc. (the "Council" or "Defendant"), has treated her inequitably when it comes to matters such as facility repairs and landscaping. The Court previously dismissed the original complaint without prejudice, and Plaintiff has filed an amended complaint. Plaintiff alleges that the Council's conduct constitutes race, sex, and disability discrimination and retaliation in violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604 & 3617. Defendant has moved to dismiss all claims in the amended complaint. No hearing is necessary. *See* Loc. R. 105.6. For the reasons stated below, the Court will grant in part and deny in part the motion to dismiss.

I.  **BACKGROUND**[1]

Dr. Bailey and the Council have a long history of disagreement and litigation reaching back to 2010. ECF No. 27 ("Am. Compl.") ¶¶ 20-46. In her amended complaint, Dr. Bailey

---

[1] At this stage, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

contends that the Council has discriminated against her because of her race, sex, and disability and engaged in retaliation by failing to properly maintain her condominium unit and provide services and benefits that are available to other residents. Many of Dr. Bailey's allegations arise from the Council's alleged failure to properly maintain and timely replace exterior sliding doors, which she contends allowed water to leak into her unit, causing or contributing to the development of mold. *See id.* ¶¶ 20-21, 23-24, 29-36. The Court previously dismissed the original complaint, without prejudice, after finding that most claims dealing with the sliding doors were barred by res judicata by virtue of prior litigation between the parties in the Circuit Court for Queen Anne's County; that the complaint did not allege facts sufficient to state claims of sex discrimination or disability discrimination (as opposed to race discrimination); and that certain of her claims under the Americans with Disabilities Act failed because Queen's Landing is not a "commercial facilit[y]" or "public accommodation." *Bailey v. Queen's Landing Council of Unit Owners, Inc.*, No. 23-CV-1559-ABA, 2023 WL 8829201, at *2-7 (D. Md. Dec. 21, 2023). The Court also concluded that unless Dr. Bailey could adequately allege a continuing violations theory, any alleged discriminatory conduct that occurred before June 2021, which includes most of her allegations, would be time barred. *Id.* at *7-8. Dr. Bailey's amended complaint did not remove any of the barred allegations, but she states that they remain for context, even if they are not actionable. Pl.'s Opp. to Def.'s Mot. to Dismiss, ECF No. 29-1 ("Opp.") at 3. Many of these allegations are summarized in the Court's previous decision. *See Bailey*, 2023 WL 8829201, at *1.

The Council has moved to dismiss all Dr. Bailey's claims. ECF No. 28. Dr. Bailey filed her response, ECF No. 29, and the Council filed a reply, ECF No. 30.

## II.     STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6).

To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must contain sufficient factual allegations to state a facially plausible claim for relief. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted above, when considering such a motion, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King*, 825 F.3d at 212.

## III.    DISCUSSION

As stated, Dr. Bailey asserts claims of discrimination and retaliation under the FHA. The Court first addresses her claim of sex discrimination, which will be dismissed for failure to state a claim. As to Dr. Bailey's claims of racial and disability discrimination and retaliation, the Court will deny the motion to dismiss; those claims may proceed to discovery.

### A.      Sex Discrimination (Count II)

Plaintiff's renewed claim of discrimination based on sex (Count II, under 42 U.S.C. § 3604(b)) will be dismissed as Plaintiff does not assert factual allegations supporting this claim, even assuming the allegations to be true and drawing all reasonable inferences in her favor. In

the amended complaint, Plaintiff alleges that she "has been the target of race and color, sex, and disability discrimination as well as retaliation by Defendant," Am Compl. ¶ 47, and that "[o]ther owners who were similarly situated, but were not female, have been treated more favorably than the Plaintiff with regard to the terms and conditions of their housing," *id.* ¶ 77. These allegations are conclusory and devoid of any specific factual averments suggesting that the Council subjected her to disparate treatment because of her sex, and thus are insufficient to meet the *Iqbal*/*Twombly* pleading standard. *See, e.g.*, *Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557). Plaintiff's opposition to the motion (ECF No. 29-1) likewise fails to point out any factual allegations specific to sex discrimination. Thus, Count II of the amended complaint will be dismissed for failure to state a claim.

      **B.**      **Race Discrimination (Count I) and Disability Discrimination (Count III)**

The core of Dr. Bailey's complaint is that the Council has subjected her to disparate treatment because she is Black, in violation of 42 U.S.C. § 3604(b) (Count I), and because of her disability, in violation of 42 U.S.C. § 3604(f) (Count II). As stated, the Court previously held that many of the allegations central to Dr. Bailey's claims were barred by claim preclusion and that many were outside the FHA's two-year statute of limitations (absent Plaintiff's ability to show that the "continuing violations" doctrine applies). *Bailey*, 2023 WL 8829201, at *4-8. For purposes of this motion, the Court again need not determine whether Dr. Bailey has adequately alleged a continuing violations theory. Instead, the Court finds that Plaintiff has made sufficient timely allegations of discrimination.

1.  **Race discrimination claim**

The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). A plaintiff alleging discrimination may proceed under a theory of disparate impact or disparate treatment; at the pleadings stage, a plaintiff need not articulate the specific theory under which they are proceeding. *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 421 (4th Cir. 2018) ("*Reyes* I"). Here, however, the amended complaint makes clear that, at least at this point, Plaintiff alleges disparate treatment theories. While it is not necessary to make out a *prima facie* case of discrimination at the motion to dismiss stage, to do so Plaintiff must ultimately "show that [s]he is a member of a protected class and that [s]he was treated differently than other tenants because of h[er] membership in that class." *Roberson v. Graziano*, No. 09-cv-3038-WDQ, 2010 WL 2106466, at *2 (D. Md. May 21, 2010), *aff'd*, 411 F. App'x 583 (4th Cir. 2011) (citing *Pinchback v. Armistead Homes Corp.*, 907 F.2d 1447, 1451 (4th Cir. 1990)); *see also Connolly v. Lanham*, 685 F. Supp. 3d 312, 323 (D. Md. 2023) (providing that to survive a motion to dismiss an FHA discrimination claim, a plaintiff "need only plausibly allege that Defendants discriminated on the basis of their race") (citing *Twombly*, 550 U.S. at 570, and *Iqbal*, 556 U.S. at 684).

Plaintiff's amended complaint alleges multiple instances in which, within the limitations period, *see Bailey*, 2023 WL 8829201 at *7 (explaining that for Plaintiffs' FHA claim to be timely, it "must allege a discriminatory housing practice that occurred or terminated no earlier than June 8, 2021") (cleaned up), Defendant allegedly discriminated against her on the basis of race in connection with the "conditions, or privileges[,] of sale or rental of a dwelling, or in the

provision of services or facilities in connection therewith," 42 U.S.C. § 3604(b). Dr. Bailey alleges that she did not receive her replacement doors until Summer 2022, after her white neighbors received them, and that white neighbors received timely repairs that she did not. Am. Compl. ¶¶ 30-33, 36. Plaintiff alleges that since 2015, members of Defendant's administrative staff have told her that they feel threatened by her but have treated white owners respectfully. *Id.* ¶ 39. Plaintiff alleges that in 2023 she was singled out in an email to the community about her lawsuit against Defendant while other white owners who had filed lawsuits were not. *Id.* ¶ 41. Plaintiff alleges that in 2022, Defendant denied her permission to have video cameras and motion detection lights installed, while "at least fourteen other White, non-disabled neighbors" were allowed to have such devices. *Id.* ¶ 44. Plaintiff alleges that she "was denied remediation or forced to cover expenses out of her own pocket, while her White neighbors received remediation services from the community master insurance policy and were only responsible for their deductibles." *Id.* ¶ 45. And Plaintiff alleges that "Defendant has failed to complete or approve additional work and has instead prioritized repairs" to units of neighbors who "are White and non-disabled." *Id.* ¶ 47. These allegations are sufficient, at the pleadings stage, to plausibly allege that Defendant discriminated against Plaintiff on the basis of her race and within the limitations period. Accordingly, Defendant's motion to dismiss Count I is denied.

    2.   **Disability discrimination claim**

   The FHA also prohibits discrimination "against any person . . . in the provision of services or facilities in connection with [a] dwelling, because of a handicap of . . . that person." 42 U.S.C. § 3604(f)(2)(A). As stated above, under a theory of disparate treatment, and at the motion to dismiss stage, a plaintiff need only plausibly allege intent to discriminate based on her

6

disability (in addition to the other elements of her claim). *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 91 F.4th 270, 274 (4th Cir. 2024) ("*Reyes II*").

In the amended complaint, Plaintiff alleges that her "non-disabled, non-Black neighbors and fellow owners have been provided with necessary repairs" while she has not. *Id.* ¶ 18. Dr. Bailey also alleges that "Defendant continued to deliberately neglect Plaintiff's repeated requests for remediation and instead provided repairs and renovations to her White, non-disabled neighbors." *Id.* ¶ 20. Plaintiff alleges that in 2022, Defendant denied her permission to have video cameras and motion detection lights installed while "at least fourteen other White, non-disabled neighbors" were allowed to have such devices. *Id.* ¶ 44. And Plaintiff alleges that "Defendant has failed to complete or approve additional work and has instead prioritized repairs to her neighbors' units" who "are White and non-disabled." *Id.* ¶ 47.

The difficulty with these allegations, in the context of Dr. Bailey's disability discrimination claim, is that they aggregate claims of disability discrimination with claims of race discrimination, and then do not allege facts to flesh out why Plaintiff believes Defendant discriminated against her specifically because of her alleged disability. In comparison to her claims of racial discrimination, it is far less clear that Plaintiff has stated a claim that the Council discriminated against her "in the provision of services or facilities in connection with [a] dwelling, *because of a [disability]*." 42 U.S.C. § 3604(f)(2)(a) (emphasis added). Nonetheless, Plaintiff has asserted several additional disability-related factual allegations to bolster her claim of Defendant having discriminated against her on the basis of disability. *See, e.g.*, Am. Compl. ¶¶ 18, 20, 29, 34, 44. With all reasonable inferences drawn in Plaintiff's favor, the Court concludes

that she has stated a claim of discrimination because of disability, and will deny the motion to dismiss Count III.[2]

### C.     Retaliation (Count IV)

In addition to her discrimination claims, Plaintiff alleges that the Council retaliated against her for complaining of discrimination, in violation of 42 U.S.C. § 3617 (Count IV). The FHA makes it unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617.

To state a claim for retaliation, Plaintiff must allege that (1) she engaged in protected activity, (2) Defendant was aware of that activity, (3) Defendants took adverse action against her, and (4) a causal connection existed between the protected activity and the asserted adverse action. *Hall v. Greystar Mgmt. Servs., L.P.*, 637 F. App'x 93, 98 (4th Cir. 2016) (citing *King v. Rumsfeld*, 328 F.3d 145, 150-51 (4th Cir. 2003). Plaintiff's amended complaint alleges facts making out each of these elements.

As to protected activity, Plaintiff alleges that she made various "complaints . . . with the Association" as well as "administrative and civil complaints . . . with HUD [the U.S. Department

---

[2] It also seems Dr. Bailey may be alleging that the Council discriminated against her by failing to *accommodate* her disabilities. 42 U.S.C. § 3604(f)(3)(A)-(B); *see* Am. Compl. ¶ 18 ("Due to Defendant's actions, Plaintiff's unit has been rendered uninhabitable to Plaintiff because of the health risks caused by the failure to remediate and remove mold within her unit. As a disabled unit owner whose severe allergies are triggered by mold, Plaintiff not only has been unable to inhabit her unit but also has had to dispose of many personal items within the unit also contaminated by mold."), ¶ 20 ("[D]espite being notified of Plaintiff's medical condition, Defendant continued to deliberately neglect Plaintiff's repeated requests for remediation."). These allegations appear to be largely barred by claim preclusion given that they seem to relate to the leaking sliding doors, which are claims the parties litigated in 2020. *Bailey*, 2023 WL 8829201 at *4-*7. Nonetheless, with all factual allegations construed in Dr. Bailey's favor, the amended complaint sufficiently states a failure-to-accommodate claim to proceed past the pleadings stage.

of Housing and Urban Development], MCCR [the Maryland Commission for Civil Rights], and the local courts." Am. Compl. ¶¶ 106-108; *see also id.* ¶¶ 6-10. Plaintiff further alleges that Defendant was aware of those protected activities. *Id.* ¶ 109.

Plaintiff also alleges that Defendant took adverse against her because of her engagement in one or more of those protected activities. Plaintiff alleges that in 2022 she asked the Council president "when the exterior work on her unit would be completed, to which he simply responded that her attorney should know," which Plaintiff contends "indicat[es] that her repairs were being scheduled differently from and later than her neighbors' due to her protected activity." *Id.* ¶ 31. Plaintiff also alleges that "Association representatives such as Tammy Eaton have continually refused to talk to Plaintiff or discuss any repairs since she initiated legal action. Ms. Eaton's response has been to 'speak with your attorney since you have a legal issue.'" *Id.* ¶ 37.[3] In short, Plaintiff alleges that because of her protected activities, "Defendant has failed to complete or approve additional work and has instead prioritized repairs to her neighbors' units." *Id.* ¶ 47.

The Court concludes that the above allegations, accepted as true, allege sufficient causal connection between a protected activity (filing discrimination complaints) and adverse action (allegedly failing to effectuate repairs to the condo unit) to survive dismissal. Accordingly, Defendant's motion to dismiss Count IV will be denied.

---

[3] The Court notes that Defendant claims that it does not employ Ms. Eaton and is not responsible for her actions. Reply, ECF No. 30, at 4. The amended complaint alleges that Ms. Eaton manages the condominiums for Defendant. Am. Compl. ¶ 20. Discovery will be necessary to determine whether Ms. Eaton's actions are attributable to Defendant.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will grant in part and deny in part Defendant's motion to dismiss. The motion is granted as to Plaintiff's claim of sex discrimination (Count II). The motion is denied as to Plaintiff's claims of race and disability discrimination and retaliation (Counts I, III and IV).

Date: July 9, 2024                                                              /s/
                                                                  Adam B. Abelson
                                                                  United States Magistrate Judge